IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CAMILLA ANITA WYNN, | : | Case No. 3:13-CV-94 |
| Plaintiff, | | District Judge Thomas M. Rose |
| | : | Magistrate Judge Michael J. Newman |
| v. | | |
| | : | |
| EVANHOE & ASSOCIATES, INC., *et al.*, | | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1]

Now before the Court is Plaintiff's Motion to Dismiss Without Prejudice.[2] Doc. 11. Because Defendant has served an answer, the Court construes this as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2). The Court may dismiss the action "on terms that the court considers proper," *id.*, and dismissal is within the sound discretion of the district court. *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court may order dismissal "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Court notes that while Plaintiff's motion is titled "Motion to Dismiss *Without* Prejudice," the text of the motion provides "Plaintiff prays the Court dismiss this action *with* prejudice and allow Plaintiff an opportunity refile [sic]" (emphases added). Doc. 11. During the telephone conference on September 20, 2013, Plaintiff's counsel clarified with the Court that Plaintiff sought to have her case dismissed without prejudice.

dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718.

This case was initiated on February 21, 2013 in the Montgomery County Common Pleas Court; it was thereafter removed to this Court on March 28, 2013. *See* doc. 1. The Court held three informal telephone conferences with counsel from both sides in an attempt to resolve an ongoing discovery dispute, which culminated in an Order for Plaintiff to produce all outstanding discovery by September 20, 2013. *See* doc. 10. Plaintiff filed the instant Motion to Dismiss on September 19, 2013. *See* doc. 11. Plaintiff advances that "she has had to deal with illness and moving her residence, which [h]as affected her ability to prosecute her action against the Defendants." Doc. 11. On September 20, 2013, the Court held a fourth telephone conference during which Defendant's counsel indicated that they did not intend to file a written opposition to Plaintiff's motion. The Court also notes that Defendant has not filed a motion to dismiss.

The Court has considered whether a dismissal with prejudice is appropriate, but under the unique circumstances of this case, it would best serve the interests of justice to dismiss this case without prejudice.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's motion to dismiss (doc. 11) be **GRANTED**;

2. The Court's Order to produce discovery (doc. 10) is now **MOOT** and **WITHDRAWN**; and

3. This case be **CLOSED**.


September 25, 2013                                             s/ **Michael J. Newman**
                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981).